Linville v. Welch.

———————⟨•❂❂•⟩———————

LINVILLE et al., Respondents, v. WELCH, Appellant.

1. What is due diligence in giving notice of dishonor of a bill of exchange is a question of law when the facts are admitted; where the facts are disputed, the court should give hypothetical instructions, leaving the facts to be determined by the jury.
2. If the residence of the endorser of a dishonored bill of exchange is unknown to the holder, inquiry should be made to ascertain his domicil or place of business.
3. A bill of exchange drawn in one state of the United States upon a person in another state is to be treated as a foreign bill of exchange; in case of dishonor, protest is necessary; it is not necessary, however, that the notice of dishonor should be accompanied by a copy of the protest. The notice may be a verbal one.
4. Presentment of a bill of exchange to the drawee must be made in a reasonable time. What time will be reasonable depends upon the circumstances of the case.

*Appeal from Adair Circuit Court.*

This was an action against the defendant as endorser of a bill of exchange for five hundred dollars, dated October 24, 1854, at Cincinnati, Ohio, and drawn by Ellis & Sturges in favor of defendant, Thomas Welch, upon the banking-house of Loker, Renick & Co., at St. Louis. The bill was endorsed by Welch to plaintiffs. From the notary's entry on the face of the bill and the protest it appeared that the bill or draft was protested for nonpayment on the 13th of December, 1854. On the day of the protest the notary sent notice of protest to Ellis & Sturges at Cincinnati, Ohio, and also sent notices to Welch, directed to Cincinnati, Ohio, and to St. Louis, Mo. It appeared that the plaintiffs sent the bill to

their agent at St. Louis, Mo., and he, on the 17th of November, 1854, presented it to Loker, Renick & Co., who refused to pay the same. The banking-house of Ellis & Sturges had failed November 7, 1854. The agent returned the bill or draft to the plaintiffs, who sent the same back to the agent to present again. He did so on the 13th of December, and the bill was protested on that day for nonpayment. There was no protest made upon the first refusal of payment There was evidence that defendant had notice of the first refusal of payment.

The court, at the instance of the plaintiffs, gave the following instruction: " If the jury believe from the evidence in the cause that the bill was presented to Loker, Renick & Co. for payment in a reasonable time, and that payment was demanded and refused, and that the defendant was notified of the presentment and refusal to pay in a reasonable time, then they will find for the plaintiffs."

The court refused to give the instructions asked by defendant. The jury found for plaintiffs.

*Barrow & Platte* and *Mc Cabe*, for appellant.

*Glover & Richardson*, for respondents.

I. The presentment of the draft was made in a reasonable time. Both a verbal and written notice was given. It was regularly protested. A verbal notice was sufficient. (Story on Bills, § 300; Chitty on Bills, 502; 3 Kent Com. 106.)

NAPTON, Judge, delivered the opinion of the court.

The instructions given by the court in this case were erroneous. What is due diligence in giving notice of dishonor of a bill of exchange is a question of law, when the facts are agreed on; and when the facts are disputed, the court should give hypothetical instructions, leaving the facts to be determined by the jury. (1 Peters, 583.)

Upon the facts disclosed in the bill of exceptions in this case, it is impossible for this court to pass upon the sufficiency of the notices attempted to be given by mail. So far

as the evidence goes, it seems clear that notices put in the post-office at St. Louis, directed to the defendant at Cincinnati and at this place, were insufficient. There is no direct evidence to show where the defendant resided, or where his place of business was, but it may be inferred from the evidence that he lived in Edina. If so, and that fact was known to the plaintiffs or their agent here, notices directed to the defendant at Cincinnati or St. Louis were of course no notice at all. If the residence of the defendant was unknown to the plaintiffs or their agent here, inquiry should have been made to ascertain his true domicil or place of business. (Story on Bills, § 299.)

It appears to be the prevalent and settled opinion now, that a bill of exchange drawn in one state of the United States upon a person in another is to be treated as a foreign bill of exchange, upon the same principle, we may suppose, that the courts in England held a bill drawn in Scotland or Ireland upon a person in London to be a foreign bill, after the Union; (Buckner v. Findlay & Van Seer, 2 Peters, 589; Mahony v. Ashlin, 2 Barn. & Adolph. 589; 3 Kent Comm. 94;) and in all cases of foreign bills of exchange a protest is necessary. (Story, § 277.) But it is not necessary that the notice of the dishonor should be accompanied by a copy of the protest; it is sufficient for the notice to state that the bill has been protested, leaving the proof to be made at the trial, if the case is contested. (Story, § 302.) And the notice may be a verbal one made to the parties in person. (Story, § 300.)

In relation to the presentment to Loker, Renick & Co., the law requires this to be made in reasonable time, and what that will be must depend upon the circumstances of the case. That the presentation made in this case by Matthews, on the 13th December, was not within reasonable time, would seem to follow from the fact that a previous presentation had been made on the 17th November.

Judgment reversed and the case remanded. The other judges concur.