E. B. NICHOLS AND ANOTHER V. B. F. BLACKMORE.

A sight draft was drawn at Fairfield, Texas, on the 30th day of March, 1859, on merchants of Galveston; accepted by them, and on the 17th day of May, 1859, protested for non-payment. On the 11th of June following, the indorsees sued the acceptors and drawer: *held*, that the delay to present the draft, forty-seven or forty-eight days, was not such laches as forfeited the right of the holder to recourse against the drawer upon default of payment by the drawees.

It is a well settled rule that a draft drawn at sight, or so many days after sight, must be presented within a reasonable time.

In determining the question of reasonable time, the courts will consider all the circumstances by which the question of diligence can be affected; as the distance between the residences of the drawer and drawee, the mail facilities, usage of the country respecting such paper, &c.

APPEAL from Galveston. Tried below before the Hon. Peter W. Gray.

Suit on a sight draft by the indorsees against the acceptors and drawer.

Blackmore, the appellee, drew a draft on Powell & Ruthven, of Galveston, payable àt sight to the order of Millner & Jefferson. It was dated "Fairfield, Texas, March 30, 1859;" accepted by drawees—date of acceptance does not appear—and protested for non-payment on the 17th of May, 1859. The appellants, to whom the draft had been indorsed, brought this suit on the 11th day of June, 1859.

Blackmore, the drawer, pleaded that the draft had not been presented within a reasonable length of time, and that the plaintiffs had been guilty of laches, whereby he, the drawer, was discharged. A jury was waived; the cause submitted to the court; a judgment rendered against the acceptors, but in favor of the drawer, from which the plaintiffs appealed.

*Ballinger & Jack*, for the appellants—cited Parsons' Mercantile Law, p. 103; Chitty on Bills, p. 305; Smith's Mercantile Law, p. 242–3; O. & W. Dig., art. 94; 4 Tex. R., 495; 2 Id., 473; 8 Id., 29.

*L. A. Thompson*, for appellees.

BELL, J.—This was a suit upon a draft, payable at sight, drawn in Fairfield, Freestone county, Texas, on the 30th day of March, A. D. 1859, on merchants in the city of Galveston. The draft was accepted by Messrs. Powell & Ruthven, upon whom it was drawn, but it is not shown by the statement of facts, at what time it was accepted by them. The draft was protested for non-payment on the 17th day of May, 1859, and this suit was instituted on the 11th day of June, A. D. 1859.

The only question presented, is whether the holder of the draft used proper diligence in presenting it to the drawees for payment, or was he guilty of laches whereby he lost his recourse upon the drawer.

It is well settled that in the case of a draft drawn at sight, or so many days after sight, the holder must present it for payment within a reasonable time. And in determining the question of reasonable time, the courts will consider all the circumstances by

which the question of diligence can be affected, as, for instance, the distance between the place of residence of the drawer and the place of residence of the drawee, the mail facilities of the country, &c. The general usage of the country in respect to such paper, will, also, enter into the consideration of the question. It is, also, to be remarked that the idea of reasonable time is opposed to the idea of great diligence or promptitude. The question is one of a large class which frequently produce great embarrassment, from the extreme difficulty in many cases of drawing a line by which reasonable time can be separated from laches. One period of time is pronounced, without any hesitation, as reasonable time within which to make presentation of this description of paper; with as little hesitation, a delay to make presentation for another period of time, will be pronounced laches; and between the two periods, there must necessarily be a tract of time which will fall within the idea of reasonable diligence or laches, according to circumstances, and as to which the law must sometimes pronounce its decisions somewhat arbitrarily.

We are of opinion that the delay to present the draft in this case, for a period of forty-seven or forty-eight days, was not such laches as forfeited the right of the holder to recourse against the drawer, upon default of payment by the drawees. This makes it unnecessary for us to consider any other question in the case.

The judgment is reversed and the cause remanded.

Reversed and remanded.