WILLIAM A. SKEEN, Respondent, v. SPRINGFIELD
ENGINE & THRESHER COMPANY,
Appellant.

### Kansas City Court of Appeals, March 4, 1889.

1. **Warranty**: STIPULATIONS OF CONTRACT OF: ALLEGATIONS OF PETITION IN BREACH OF: OBJECTIONS TO INTRODUCTION OF EVIDENCE. A contract of warranty was subject to the conditions : (1) that, if the machine sold should fail to fill the warranty, written notice thereof should be given to defendant ( the vendor ) stating wherein it failed, and, if after a reasonable time allowed to get the machine and remedy the defect, it was not made to fill the warranty, the plaintiff ( the purchaser) should return the same to the place where it was received, (2) that in that event the defendant should then furnish plaintiff another machine that would fulfill the warranty, or (3) return to him the purchase money and notes ; and the petition declaring on a breach of said warranty, plainly alleged that the machine failed to fulfill the requirements of the warranty ; that notice was duly given of such failure ; and that defendant thereupon undertook to remedy the defect therein and that it wholly failed to do so ; that the plaintiff within a reasonable time thereafter returned the machine to the place where he received it and made demand for the return of the purchase money and notes, which was refused. Such petition is sufficient and it is not error to admit evidence over the objection of defendant.

2. ———— : DEMURRER TO EVIDENCE. Plaintiff's right of action was complete when the machine was returned and was not dependent upon the exercise by the defendant of one of its options ; and a demurrer to the evidence was properly overruled.

3. ———— : REASONABLE TIME : A QUESTION OF LAW AND FACT : RULE AND EXCEPTION AS TO. The general rule, that what is a "reasonable time," is a mixed question of law and fact, which under proper instructions of the court ought to be submitted to the jury, is subject to two exceptions, (1) where there are fixed and certain rules for its determination by the court, (2) where the uncontroverted evidence so clearly proves the issue that there is really no question, to be submitted to the jury.

**4.** ———— : INSTRUCTION APPROVED. In this case it is *held*, that the exceptions do not apply and that an instruction, directing the jury in passing upon the question of "reasonable time," to take into consideration all the circumstances in evidence as well as the nature of the machinery, its use and the length of time used after the alleged repairs, was a correct rule as applicable to the facts of the case and was properly declared.

**5.** ———— : BREACH OF : CONDITIONS PRECEDENT TO RECOVERY, WHAT NOT : HARMLESS ERROR. An instruction, imposing upon plaintiff the burden of showing, as a condition precedent to his right of recovery, not only that he returned the engine to the place where he received it, but that he demanded another engine and a restitution of the money and notes given for the purchase, imposed a burden, which was not imposed under the law, and went too far ; but as no injury could result therefrom to appellant it was harmless error.

**6.** ———— : CERTIFICATE OF PURCHASER AS TO THE REMEDYING OF DEFECTS, SECURED BY REPRESENTATIONS OF VENDOR'S AGENT : INSTRUCTION APPROVED. An instruction is unexceptionable that tells the jury that if plaintiff signed a certificate of the remedied condition of the machine under the belief of its truth induced by the representation of defendant's agent, while, in fact, it was not true, then such certificate was not binding on plaintiff.

**7.** ———— : MEASURE OF DAMAGES. In this case as in case of conversion, the plaintiff would be entitled to recover, as measure of damages, the amount which he showed he had been compelled to pay on his notes which defendant had transferred to innocent purchasers.

**8.** ———— : PRESUMPTION AS TO CONTINUED USAGE OF MACHINE. An instruction that continued usage of the machine is presumptive that it filled the warranty to the satisfaction of plaintiff is, as an abstract proposition of law, no doubt, correct, but, as applicable to the facts of this case, it was not, and was properly refused.

**9.** ———— : RESCISSION OF CONTRACT : RULE OF LAW AND RULE OF CONTRACT. To effect a rescission of a contract neither party must be gainer is undoubtedly the rule of law applicable in that class of cases, where the contract itself does not produce a different result, and its terms thereby become a law unto the parties.

**10.** Appellate Practice : INSTRUCTIONS SUBJECT TO SLIGHT CRITICISM : VERDICT. Where instructions, while subject to some slight criticism, taken in their entirety fairly submit the case to the jury, this court does not feel authorized to interfere with the verdict.

*Appeal from the Johnson Circuit Court.*—HON. C. W. SLOAN, Judge.

AFFIRMED.

*J. W. Suddath*, for appellant.

(1) The right of rescission is an exceptional right, and the rules governing it are construed strictly by the courts. *Shultz v. Christman*, 6 Mo. App. 330. (2) To entitle vendee to rescission, he must offer vendor all the options provided for in contract at one time, and leave vendor free to chose which he will elect to perform. *Mfg. Co. v. Spitsnogle*, 3 Iowa, 71 ; s. c. 6 N. W Rep. 71 ; *Walls v. Gates*, 6 Mo. App. 1, *loc. cit.* 5. (3) After breach of warranty, vendee may elect to affirm or rescind, but must elect at once and act promptly. *Branson v. Turner*, 77 Mo. 489 ; *Parker v. Marquis*, 64 Mo. 38, *loc. cit.* 41 ; *Hart v. Handlin*, 43 Mo. 171, *loc. cit.* 175 ; (4) The offer to rescind must be made within a reasonable time. *Branson v. Turner*, 77 Mo. 489, *loc. cit.* 494 ; *Johnson v. Mfg. Co.*, 20 Mo. App. 100 ; *Milton v. Smith*, 65 Mo. 315, *loc. cit.* 124 ; *Shultz v. Christman*, 6 Mo. App. 338, *loc. cit.* 342. (5) What is a reasonable time, is a question for the court. *Johnson v. Agl. Co.*, 20 Mo. App. 100, *loc. cit.* 102 ; *Branson v. Turner*, 77 Mo. 489 ; *Morgan v. Witeford*, 3 Ill. App. 323 ; *Gamon v. Abrams*, 53 Wis. 323 ; s. c. 10 N. W., Rep. 479. (6) What the courts decide to be a reasonable time in which to return chattels. *Branson v Turner*, 77 Mo. 489, *loc. cit.* 494 ; *Johnson v. Mfg. Co.*, 20 Mo. App. 100, *loc. cit.* 102 ; *Morgan v. Witeford*, 3 Ill. 323 ; *Gamon v. Abrams*, 53 Wis. 323 ; s. c. 10 N. W. 479. (7) Before vendee can rescind he must be able to put vendor *in statu quo*. *Milton v. Smith*, 65 Mo. 315, *loc. cit.* 324 ; *Jarrett v. Morton*, 44 Mo. 275, *loc. cit.* 278 ; *Cahn v. Rice*, 18 Mo. App. 124 ; *Moore v. Bare*, 11 Iowa, 198 ; *Shultz v. Christman*, 6 Mo. App. *loc. cit.* 342.

*J. P. Orr* and *Sam'l P. Sparks*, for respondent.

(1)   The rights of the parties, under the contract of purchase, are to be meas ured and determined by its terms.   It became a law unto them.   *Davis v. Owen*, 15 Mo. 467; *Fulkerson v. Eads*, 19 Mo. App. 620.   ( *a* )   It is a fundamental principal that w hen the obligations of an express warranty are con current, either, who seeks to enforce the obligations of the other, must prove performance on his part.   *Machine Co. v. Vennum*, 23 N. W. Rep. 563; *Dunham v. Petee*, 8 N. Y. 508; *Nichols v. Knowles*, 18 N. W. Rep. 413 ; *Wendell v. Osborne*, 18 N. W. 709 ; *Worden v. Harvester Co.*, 7 N. W. 756.   (2)   Respondent' s right to rescind was conditional, not absolute, upon the discovery of the defects, and whether he exercised it within a reasonable time under the contract in the circumstances was a mixed question of law and fact for the jury under proper instructions.   *Johnson v. Agr. Co.*, 20 Mo. App. 100 ; *Manuf. Co. v. Spitznogle*, 6 N. W. Rep. 71 ; *Gammon v. Abrams*, 10 N. W. Rep. (Wis.) 479 ; *Osborne v. Marks*, 22 N. W. Rep. 1 ; *Machine Co. v. Chesrown*, 21 N. W. 846 ; *Seiberling v. Brauer*, 39 N. W. Rep. (Neb.) 591.   (3)   In pleading the performance of a condition precedent in a contract it is not necessary to allege the facts showing such performance, but it may be stated generally.   1 R. S., sec. 3551 ; *Ins. Co. v. Kyle*, 11 Mo. 278 ; *Russell v. Ins. Co.*, 55 Mo. 585 ; *Bayse v. Ambrose*, 32 Mo. 484.   (4)   Appellant's refusal to make further efforts toward making the engine fill the warranty, relieved respondent from further performance on his part and gave him the right to rescind *eo instanti.*   2 Benj. Sales, sec. 859, p. 743 ; *Phillips v. Ins. Co.*, 31 Mo. 546 ; *Osborn v. Rawson*, 10 N. W. 201 (47 Mich. 206).   ( *a* )   Such refusal on the part of appellants was tantamount to performance by respondent.   *Wolf v.*

*Marsh*, 54 Cal. 228. (5) The appellant could waive the conditions for its benefit, the right to remedy the defect in the engine, or furnish another. This it did effectually. A condition once waived is forever gone. *Vette v. Ins. Co.*, 30 Fed. Rep. 668, *loc. cit.* 670 ; Bliss on Life Insurance, section 265 ; Wood on Limitations, section 42 ; May on Insurance, section 488. (6) By the company refusing on August 6, 1885, to make the machine fill the warranty, on the ground that they had remedied it, they waived the performance of the other conditions required of appellants as to character of defects. *Ins. Co. v. Kyle*, 11 Mo. 273. (7) The appellant acted on the notice by undertaking to repair the machine ; and, by so doing, waived any question as to its sufficiency or substance. *Nichols v. Knowles*, 18 N. W. Rep. 413 ; *Davis v. Buterick*, 26 N. W. 27. (8) Respondent could only determine by actual use, whether the machine filled the warranty, and he was entitled to a reasonable time in which to test the goods and ascertain the fact, and, until this question was determined, the retention and use of the goods did not amount to an acceptance thereof. *Whiting Co. v. Lead Works*, 24 N. W. Rep. 885 ; *Osborne v. McQueen*, 29 N. W. Rep. 636 ; *Seiberling v. Brauer*, 39 N. W. Rep. (Neb.) 591. (9) The company continued to work on the engine down to a few days of its return to local agents and rescinding of contract. The appellant was not answerable for the space of time during which company's agents were trying to make it work. This was a confession that hitherto the machine was imperfect and insufficient. *Machine Co. v. Smith*, 15 N. W. 906 ; *Osborne v. McQueen*, 29 N. W. Rep. 636, *supra.* (10) The doing of that which one is under legal obligation to do is no consideration for a new contract. *Nudum pactum ex quo actio non oritur. Rann v. Hughes*, 7 Term Rep. 350 (noted) ; Langdells, Sel. Cas., p. 180 ; Pars. Con. [5 Ed.] p. 437 ; *Comstock v. Smith,*

7 Johns, 37 ; *Alexander v. Lane,* 21 Mo. 536 ; *Johnson County v. Wood,* 84 Mo. 487. (*a*) It follows that the agreement between the respondent and appellant, effected through Cartmell, by which the company agreed to remedy the defect in the engine in consideration of his giving a new note for the first and paying the others when due, was invalid as a new contract. *Scudder v. Railroad,* 37 N. J. L. 87 ; *Osborne v. Marks,* 22 N. W. Rep. *loc. cit.* 3. The mere extension of the time of performance of a contract waives nothing but the time of performance. The pretended new consideration was void and could not alter, revoke, or modify the original contract. *Hasbrook v. Tappan,* 15 John. 200 ; *Johnson County v. Wood, supra ; Aultman v. Stickler,* 31 N. W. Rep. 241. The maker of a promissory note can maintain an action for its conversion against one who wrongfully negotiates it to a *bona-fide* holder, for value and the measure of damages in the amount of the note at the time of such conversion. *Becker v. Matthews,* 12 N. Y. 313 ; 3 Randolph Com. Paper, sec. K. 1679 ; *Buck v. Kent,* 3 Vermont, 99 ; *Williams v. Wall,* 60 Mo. 318 ; *Allen v. McMonagle,* 77 Mo. 478 ; *Koek v. Branch & Crook,* 44 Mo. 543 ; Byles on Bills, 412 ; *King v. Ham,* 6 Allen, 298 ; *Booth v. Powers,* 56 N. Y. 22 ; *State v. Brening,* 74 Mo. 87, *loc. cit.* 96.

SMITH, P. J.—This case comes here by appeal from the circuit court of Johnson county, where the plaintiff had judgment.

The history of the case, as gleaned from the record, may be stated about as follows :

On June 7, 1884, plaintiff and one Fancher entered into a contract of purchase in writing, with the appellant, through the company's local agents, W. H. and I. J. Bettes, at Holden, Missouri, by which they purchased of the appellant a steam-traction engine and separator. The contract contained a warranty as follows :

"The above machine to be warranted, with proper usage and management, to do as good work as any of its size made for the same purpose, and to be of good material and durable with proper care. If said machine fails to fill said warranty, written notice to be given the company at Springfield, Ohio, and also to local agents of whom the machine was purchased, stating wherein it fails to fill the warranty, and a reasonable time allowed them to get the machine and remedy the defect, if any there be ( if it be of such a nature that a remedy cannot be suggested by letter ), the undersigned rendering necessary assistance. If the machine cannot be made to fill the warranty, it shall be returned by the undersigned to the place where received, and another furnished, which shall perform the work, or the money and notes, which shall have been given for the same, shall be returned, and no further claims shall be made on the Springfield Engine and Thresher Company."

This contract was signed in duplicate by plaintiff and Fancher, and was admitted by the pleadings. The machine was delivered in pursuance of the contract through the Betteses, at Holden, Missouri, and the notes executed according to contract. This was about July 7, 1884. One Wicks, the general agent of the company, was present at the delivery of the machine. On the day of delivery, plaintiff and Fancher set out for plaintiff's farm situate some four miles from Holden, but did not reach there till eight or nine o'clock at night. Wicks remained with the machine for a day or two and left, but it grew worse ; and respondent and Fancher, after working with it some two weeks, with the aid of Wicks and the Betteses, and it failing to fill the warranty, returned same to the Betteses in Holden, and straightway notified the defendant of such failure, giving all the information in their knowledge. The machine remained there until about the middle of November, when the company sent a

man named Cline to work on it, from the factory in Pennsylvania, who worked on it and declared it fixed and induced plaintiff to sign a certificate to that effect, but in point of fact, the engine, as clearly shown by all the testimony, was not remedied, and Skeen was induced to sign it in ignorance of its true condition, relying upon the representations of Cline. This work on the engine was done in pursuance of an agreement between respondent and Cartmell, of St. Joseph, agent of defendant, that the company would make the engine fill the warranty, and in consideration of that promise, Skeen executed a new note for the first one of the series, and agreed to pay the others as they fell due, all of which fully appears by the correspondence between Orr, as the attorney for Skeen, and Cartmell, as agent for defendant. Skeen, fully believing that the engine had been remedied, stored it till the next season, threshing a small job in April, 1885. On the return of the threshing season, he employed one W. R. McCarty, as engineer to take charge of and operate the machine, on the recommendation of the Betteses, local agents, and others, who was shown to have been a competent engineer, who, in conjunction with the Betteses and others, undertook to operate it again, but signally failed. The engine and all machinery was again, in the latter part of July, 1885, brought to the Betteses, in Holden, Missouri, and complaint made, and they telegraphed the company, and a man was sent to work on it, which he did. The engine was started out from town upon the promise of the agent that, as soon as he got his dinner, he would come out to the engine where it was going to work. When Skeen got it a quarter of a mile from town it gave out, and, on returning to Holden for the agent, it was ascertained that he had left for parts unknown. The company was again notified by telegram of the condition of the engine, but no reply came. Skeen then returned the machine to the place where received, at the Betteses (local agents), and notified

them in writing of the failure of the engine to fill the warranty, and gave the company a similar notice. This was done by Orr, as attorney for Skeen. This letter and notice was on August 1, 1885. The defendant forwarded this letter to Cartmell, their general agent at St. Joseph, Missouri, who wrote Skeen under date of August 6, 1885. In reply to this letter, Cartmell said, among other things: "*While we are willing to do everything that is fair and right, we will make no further efforts towards making the engine fill our warranty, as we have already done that.*"

Skeen thereupon wrote the company through Sparks, his attorney, August 5, 1885, rescinding the contract and tendering the defendant all the machinery at the place received and demanding notes.

The Betteses refused to receive the machinery and it has stood in the alley in the rear of their place of business continuously ever since. In the mean time, the company made a transfer of all these notes to national banks of their town, Springfield, Ohio, and the banks brought suit and Skeen paid them as innocent holders of this paper, being unsuccessful in his efforts at resistance of payment. 29 Mo. App. 115. On the trial it was stipulated that defendant had negotiated the notes in suit and that they amounted, principal and interest, to the sum set out in the two verdicts.

At the trial the defendant objected to the introduction by plaintiff of any evidence under the petition on the ground, that it did not state facts sufficient to constitute a cause of action.

A number of instructions were asked, given and refused but these we will more particularly notice later on.

I. We take the meaning of said contract to be as follows. It is a warranty that the machine will accomplish certain results and was of good material and durable.

The warranty was subject however to the conditions, (1) that if the machine should fail to fill the warranty, written notice thereof should be given to defendant stating wherein it failed, and, if after a reasonable time allowed to get to the machine and remedy the defect, it was not made to fill the warranty the plaintiff should return the same to the place where it was received ; (2) that in that event the defendant should then furnish plaintiff another machine that would fulfill the warranty, or (3) return to him the purchase money and notes.

Applying this exposition of the warranty to the allegations of the petition it becomes quite obvious that the plaintiff has therein alleged the performance of every condition precedent to the right of recovery. It is plainly alleged that the machine failed to fulfill the requirements of the warranty ; that notice was duly given of such failure ; that the defendant thereupon undertook to remedy the defect therein, and that it wholly failed to do so ; that the plaintiff within a reasonable time thereafter returned the machine to the place where he received it and made demand for the return of the purchase money and notes which was refused.

When the plaintiff returned the machine to the place where he received it the defendant, through its agents, then had it.

The defendant then had both the machine and what the plaintiff had given for it.

The plaintiff had so far complied with his part of the contract. He had done all that the contract required him to do to rescind it, which was the unconditional return of the machine to the place where he received it. The fact that plaintiff demanded his money and notes had nothing to do with the return of the machine.

The return of the machine to the place where received under the circumstances was the rescission—the repudiation of the contract. This was the time for the

defendant to speak and act. The plaintiff had put it in a position where it was required to comply with the terms of the contract and exercise one of its options.

The plaintiff had the right to maintain the action when he had returned the machine to the place where received, and demanded what he had given for it. *Davis v. Butrick*, 68 Iowa, 94 ; *Osborne & Co. v. Ehrhardt*, 15 P. R. 590.

If the defendant, as it had the right to do, elected to exercise either the option to furnish plaintiff another machine, or to return that which had been given for it, and the plaintiff had refused to accept either of defendant's offers made in pursuance of its election, then these facts pleaded in an answer to an action on the contract for a breach thereof would be sufficient to avoid the breach and defeat the action. It must needs follow from these observations that the plaintiff's petition was sufficient, and that the circuit court did not err in permitting him to introduce evidence under it, notwithstanding the defendant's objections thereto.

II. The defendant was authorized by the contract to exercise its option rights, when the machine was returned by the plaintiff.

The plaintiff's right of action was complete when the machine was returned, but was subject to be avoided by the exercise by defendant of either of its options. The idea, that the plaintiffs right of action upon the contract is dependent upon the exercise by defendant of one of its options, is based upon a misconception of the rights of the parties to the contract.

The defendant's right of election of options is a privilege accorded to it by the contract, the exercise of which is not within the compulsory power of the plaintiff. The return of the machine and demand of the purchase money does not deprive the defendant of either of its options, but on the contrary affords it an opportunity under the contract to exercise the same.

The demurrer to the evidence was therefore properly overruled.

III.   The defendant complains that it was prejudiced by the action of the court in giving and refusing instructions.

The first instruction given for the plaintiff told the jury, that if the engine, with proper usage and management, failed to do as good work as any of its size made for that purpose, and that plaintiff gave notice in writing to defendant and its agent at Holden, stating wherein the engine failed to fill the warranty read in evidence, and that defendant, after an effort, with plaintiff's friendly assistance, "failed to remedy the defect, and that the plaintiff within a reasonable time thereafter returned the machinery to the place where he received it," *and offered to deliver the same to defendant*, and demanded of defendant *another engine* or the return of the notes mentioned in the evidence, such being refused, *and the defendant failed, or refused to furnish another engine*, to find the issues for the plaintiff.

This instruction directed the jury that within a reasonable time after defendant had failed to remedy the defect in said engine that the plaintiff was authorized to return said machine to the place where he had received it.

The general rule is that what is "reasonable time" is a mixed question of law and fact, which under proper instructions of the court ought to be submitted to the jury.   There are, however, two exceptions to this : (1) Where there are fixed and certain rules for its determination by the court, and (2) where the uncontroverted evidence so clearly proves the issue that there is really no question, in respect to it, to be submitted to the jury. In such cases the question may be treated as one of law and passed upon by the court without any encroachment on the province of the jury.   1 Greenl. Ev., sec. 40 ; *Gamman v. Abram, adm'r*, 53 Wis. 323 ; *Williams*

*v. Porter*, 40 Wis. 423 ; *Beig v. Railway*, 50 Wis. 419 ; *Johnson v. Agr'l Co.*, 20 Mo. App. 100.

The facts of the case at bar do not bring it within either of the exceptions just mentioned ; therefore, we think, the question of the reasonableness of the time, in which the plaintiff might return the said machine under the instruction given for defendant by the court, and numbered thirteen, was properly submitted to the consideration of the jury. The defendant's said thirteenth instruction declared that, in considering whether or not the plaintiff did within a reasonable time return said engine to defendant after the alleged failure of defendant to remedy it, the jury will take into consideration all the circumstances in evidence as well as the nature of the machinery, its use and the length of time used after the alleged repairing of it, if they find that it was repaired or remedied by defendant or its agent. This was a correct rule as applicable to the facts of the case and was properly declared. *Linville v. Welch*, 29 Mo. 203 ; *Fugitt v. Nixon*, 44 Mo. 295; *Osborne v. Marks*, 22 Mo. 1.

Returning to the further consideration of plaintiff's first instruction, we may say that so much of it as we have *italicized* imposed upon the plaintiff the burden of showing the performance of a condition precedent to his right of recovery that was wholly unnecessary. Plaintiff was not bound or required by the contract in any event to demand another engine. This instruction required him to show not only that he returned the engine to the place where he received it, but that he demanded another engine and the restitution of the money and notes given for the purchase.

This was the assumption of a burden which was not imposed upon him under the law. The instruction went too far, but no injury could result therefrom to the defendant. If it was error, as we think, it was harmless to defendant.

VOL. xxxiv—32

IV.   The second instruction given for plaintiff is unexceptionable.   It further directed the jury that if the plaintiff signed the certificate given to Cline under the belief that the engine had been remedied of any of its defects, and in so signing relied upon the representations of Cline, or signed the same in ignorance of its conditions, and that, in truth and in fact, said engine had not been remedied of its defects, and was not put in condition so that it did with proper use and management do as good work as any of its size made for the same purpose, then the certificate was not binding upon plaintiff, and they were at liberty to disregard it in arriving at their conclusion.  *Acton v. Dooly*, 74 Mo. 67 ; *Bale v. Perry*, 51 Mo. 449.

V.   The plaintiff's third instruction as to the measure of damages was proper enough in such case.

The return of the machine by plaintiff to the place where he received it, and the demand, and refusal of, defendant to make restitution of the purchase money and notes, constituted a wrongful conversion thereof ; and in an action on that state of facts the plaintiff would have been entitled to recover as the measure of damages the amount of the money and notes, or in this case the amount which plaintiff showed that he had been compelled to pay on his notes which defendant had transferred to innocent purchasers.   *State v. Benning*, 74 Mo. 87 ;  *Allen v. McMonagle*, 77 Mo. 478 ; *Koch v. Branch*, 44 Mo. 543 ;  *Bredow v. Saving Inst.*, 28 Mo. 187; *Osborne v. Ehrhardt*, 25 P. R. 590.

VI.   The first instruction, asked by defendant which was refused, was in its nature a demurrer to the evidence, and has already been in effect disposed of adversely to the defendant's contention.

The second instruction of the defendant, also refused, in effect informed the jury that the continued usage of the machine was presumptive that it filled the warranty to the satisfaction of the plaintiff.

This was, as an abstract position of law, no doubt correct; but as applicable to the facts of this case it was not. The plaintiff was entitled to a reasonable time in which to test the machine and determine whether it fulfilled the requirement of the warranty, and the retention of it for that purpose during that time could not be held as an acceptance. *Philadelphia Whiting Co. v. Lead Works*, 24 Nev. 881; *Osborne & Co. v. McQueen*, 29 Nev. 636.

The defendant, it seems from the evidence, endeavored from time to time to make the engine do the work it was warranted to do, down to within a few days of the time it was returned to the place received.

The plaintiff was not answerable for the time occupied by defendant in its effort to make the machine perform the stipulated results. Each attempt by defendant to make the machine work satisfactorily was an implied confession that it was still defective and insufficient. *Wood Machine Co. v. Smith*, 15 Nev. 906; *Osborne & Co. v. McQueen*, 29 Nev. 636.

We are satisfied from an examination of the entire record of the evidence that the delay of the plaintiff, in not promptly returning the machine, was occasioned by the conduct of the defendant which furnished him ample excuse and justification therefor.

Surely the defendant cannot be heard to complain of delays that it occasioned. The usage of the machine under the circumstances we do not think presumptive that it was satisfactory to plaintiff.

The presumption that would ordinarily arise from usage was met and overcome in this case by the attending circumstances of that usage as shown in the evidence.

The defendant's third refused instruction directed the jury that, in order to effect the rescission of a contract, neither party must be the gainer.

This is undoubtedly the rule of law applicable to that class of cases when the contract itself does not produce a different result. The rights of a party under a contract is usually measured and determined by its terms. The contract by its terms becomes a law unto the parties thereto.

*Davis v. Owens*, 15 Mo. 467 ; *Fulkerson v. Eads*, 19 Mo. App. 620. The machine, during the time plaintiff was testing it, and the defendant was repairing and remedying it, in one way and another, to make it fulfill the warranty, necessarily became very much "shop worn" and injured in its appearance. By its usage both plaintiff and defendant were subjected to inconvenience and pecuniary loss. Neither party could regain his and its lost position in this respect. The defendant was in no situation to exact of the plaintiff that he be placed *in statu quo*. The condition in which the parties found themselves when the machine was returned was where the contract placed them. It provided for that contingency and fixed their *status* after it happened. The rule declared in the instruction could, therefore, have no application to a case like this.

The defendant's fourth instruction which was refused was incorrect. What has been said in respect to the plaintiff's second instruction in a measure applies here. We think that what was a reasonable time for the return of the machine under the facts and circumtances detailed in the evidence was a question, which was very properly left to the determination of the jury.

The eighth instruction given for the defendant put the case to the jury in an exceedingly favorable light. While some of the instructions are subject to some slight criticism, we think, taking them in their entirety, they fairly submitted the case to the jury with whose verdict we do not feel authorized to interfere.

There were several other questions incidentally discussed in the briefs of counsel, which do not properly arise in the record before us and for that reason need not be noticed here.

The judgment with the concurrence of the other judges is affirmed.