JOHN SINGER, Respondent, v. GEORGE DICKNEITE, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Bills and Notes:** PRESENTMENT: QUESTION OF LAW OR FACT. The presentment of a bill should be made in a reasonable time, and what is a reasonable time will depend on circumstances; and, where the facts are clear and uncontradicted, the question is one of law.

2. **Practice, Trial:** INSTRUCTIONS: COMMON FAULT. Where appellant's instructions submit the case to the jury on the same theory as respondent, this precludes all complaint by him.

3. **Bills and Notes:** ACCOMMODATION PAPER: CONSIDERATION. The law merchant presumes a consideration for commercial paper, which is often the accommodation or procurement of credit for another. Where plaintiff's wheat was shipped in defendant's name to his commission merchant, and on its sale the merchant notified the defendant placing the proceeds to his credit, and thereupon defendant drew his draft on his merchant in plaintiff's favor for the amount of the sale, such draft is not accommodation paper.

4. **Practice, Appellate:** CONFLICT OF INSTRUCTION: HARMLESS ERROR. That respondent's instruction, which was unexceptionable, conflicted with certain instructions given for the appellant, which were not the law, constitutes no ground for disturbing the judgment, as the appellant was in no way prejudiced thereby

Singer v. Dickneite.

*Appeal from the Miller Circuit Court.*—HON. J. R. EDWARDS, Judge.

AFFIRMED.

*W. S. Pope* and *E. C. Swalem*, for appellant.

(1) Instruction, numbered 1, given plaintiff is wrong. The presentment of a draft to the drawer must be made in a reasonable time. What is a reasonable time is a question of fact, and depends on circumstances. *Fugitt v. Nixon*, 44 Mo. 297; *Salisbury v. Renick*, 44 Mo. 554; *Linville v. Welch*, 29 Mo. 205. (2) Instruction, numbered 2, given for plaintiff, is wrong, for the reason that there is nothing in the pleadings or evidence to base it upon. Who said anything about accommodation paper? *Quinlavan v. English*, 44 Mo. 47; *Franz v. Hilterbrand*, 45 Mo. 122; *Georges v. Hufschmidt*, 44 Mo. 179; *Harper v. Railroad*, 44 Mo. 488; *Winters v. Railroad*, 39 Mo. 468; *Turner v. Baker*, 42 Mo. 13; *Ryan v. Spalding*, 40 Mo. 165; *Edwards v. Meyers*, 22 Mo. App. 481; *Skyles v. Bollman*, 85 Mo. 35; *Bender v. Dungan*, 99 Mo. 126; *Zwisler v. Storts*, 30 Mo. App. 164; *Mfg. Co. v. Mitchell*, 38 Mo. 330. (3) Instruction, numbered 3, given plaintiff, is wrong. We can cite no authority to sustain our position, for no court has ever before been called upon to pass on such an instruction. Such a sweeping and unqualified instruction must have escaped the attention of the court, or it would not have been given. (4) Instruction, numbered 4, given plaintiff, is wrong, and the instructions 3 and 4, given on the part of the plaintiff, are in direct conflict with instructions 3 and 4, given at defendant's request. Both could not be correct. This is reversible error. *James v. Railroad*, 107 Mo. 485; *Wilmott v. Railroad*, 106 Mo. 549; *State v. Herrell*, 97 Mo. 105; *Nichols, Shepard & Co. v. Jones*, 35 Mo. App.

666; *Martinowsky v. City of Hannibal*, 35 Mo. App. 76; *Stone v. Hunt*, 94 Mo. 481; *Frederick v. Allgaier*, 88 Mo. 602–3; *Thomas v. Babb*, 45 Mo. 384.

*Robinson, Moore & Williams*, for respondent.

(1) Instruction, numbered 1, for plaintiff, is right. The question of diligence in this case is a question of law for the court upon the facts which are not disputed. Defendant does not show that there was an unreasonable delay, or that there was any delay, that injured defendant. *Linville v. Welch*, 29 Mo. 203–205; *Fugitt v. Nixon*, 44 Mo. 297; *Salisbury v. Renick*, 44 Mo. 554; *Selby v. McCullough*, 26 Mo. App. 66. (2) Appellant complains of the second instruction for plaintiff on the ground that there is no evidence to base it upon. This point is not well taken. The defendant states in his evidence "that he drew the draft as a matter of accommodation," and his counsel adopted the theory that the draft was given for the accommodation of plaintiff. See defendant's instructions, numbered 2 and 3. He cannot blow hot and cold. (3) Instruction, numbered 4, for plaintiff, is a correct statement of the law applicable to the case, and is not in conflict with instructions, numbered 3 and 4, for defendant. (4) If the court erred at all in the giving of instructions, it was in giving instructions too favorable on the part of defendant, and he cannot complain.

SMITH, P. J.—This is an action brought by the plaintiff, payee, against the defendant, the drawer, on a draft drawn on Dormietzer & Meara, for $428.52, payable at sight. The defense interposed was the laches of the plaintiff in the presentation of the draft to the drawer, and the want of consideration as

between the drawer and payee. There was a trial, and judgment for plaintiff, from which the defendant has appealed.

The defendant complains of the action of the court in giving the first instruction for the plaintiff, which declared, as a matter of law, that there was no want of diligence by plaintiff in the presentation of the draft sued on. The law requires the presentment of a bill to be made within a reasonable time, and what that will be must depend upon the circumstances of the case. *Linville v. Welch*, 29 Mo. 203; *Salisbury v. Renick*, 44 Mo. 554; *Fugitt v. Nixon*, 44 Mo. 295. And where the facts are clear and uncontradicted, as in this case, the question is one of law. *Dyas v. Hanson*, 14 Mo. App. 363; *Wear v. Lee*, 26 Mo. App. 99; *Bank v. Caverly*, 7 Gray, 217; *Bank v. Broderick*, 10 Wend. 304; Daniel on Negotiable Instruments, sec. 466; Edwards on Bills, 391.

After looking at the evidence we are unable to find any fault with the action of the court in declaring, as a matter of law, that the plaintiff was not guilty of negligence in the presentation of the draft. The delay in the presentation of the draft, under the authorities, was not unreasonable. *Banking Co. v. Bank*, 13 P. F. Smith, 404; *School Dist. v. Witter*, 84 Pa. St. 464; *Nichols v. Blackmore*, 27 Tex. 586; *Bank v. Broderick*, 10 Wend. 304.

The defendant further objects that the plaintiff's second instruction, which told the jury that the draft was not accommodation paper, if at the time it was given the money received for the wheat was placed to defendant's credit by the drawees, is erroneous, for the reason that it is not within the limits of the issues made by the pleadings. It is a sufficient answer to this objection to say that the defendant, by his second instruction, asked the court to submit the case to the

jury upon a similar theory, which, under our practice, must preclude all complaint by him on that account.

The evidence tended to show that the plaintiff shipped his wheat, by the defendant's consent, in the latter's name, and to his commission merchants; that the defendant notified his commission merchants of the shipment, without stating that it was the property of the plaintiff. When the wheat was sold the commission merchants rendered their account of sale to the defendant, placing the proceeds of the sale to defendant's credit on their books. Defendant drew the draft on his commission merchants, in plaintiff's favor, to pay him the amount in his hands, or which is the same thing, in those of his agents, belonging to the plaintiff. The draft was not accommodation paper. The law merchant raises a presumption of consideration in favor of bills, notes, checks, acceptances and indorsements. The consideration may be, and often is, the accommodation or procurement of credit for another party to the paper. In 1 Daniel on Negotiable Instruments, 191, it is said "an accommodation bill or note is one to which the accommodating party had put his name, without consideration, for the purpose of accommodating some other party who is to use it, and is expected to pay it." To the same effect is 2 Parsons on Bills, 27; *Dunn v. Winston*, 71 Mo. 270. So that the trial court properly declared the draft not to be accommodation paper within the meaning of the law.

The defendant assails the plaintiff's third instruction, which informed the jury that, if the plaintiff's wheat was shipped in the name of the defendant, and, when sold, the proceeds placed to his credit, and that the plaintiff had never received the money on the draft given for the wheat, the verdict should be for plaintiff, unless the defendant did not consent to the shipment of the wheat in his own name. The most that can be

said of this instruction is that it was superfluous.    The plaintiff's fourth instruction covers substantially the same ground.    It was, in substance, that if the draft was given in payment of the wheat, and the wheat was shipped in the name of the defendant by his direction, and the proceeds of the sale were placed to defendant's credit, by his knowledge and with his consent, and the draft had not been paid, the verdict should be for the amount of the draft.

It is quite difficult to understand what valid objection could be urged to the rule of liability outlined by this instruction.    None has been suggested other than that it is in conflict with the defendant's instructions, numbered 3 and 4, which in effect declared that if plaintiff shipped his wheat to Dormietzer & Meara, and took the bill of lading in defendant's name, or if he told the plaintiff that he might ship his wheat in his name, and, under such authority, he did ship to said commission merchants, and that it was without consideration or pay, and that defendant drew the draft to enable plaintiff to get the proceeds of his wheat, plaintiff could not recover.    Undoubtedly, as a general proposition, it is true the want of a sufficient consideration may be pleaded as a defense between the drawer and payee of a bill.    In such cases the paper must originally rest upon a sufficient consideration.    Tiedeman on Commercial Paper, sec. 154.

The theory of the defendant's instructions is that the giving of the draft discharges the defendant of his liability.    It is conceded that the draft was not paid, but the reason therefor is left to conjecture.    It does not appear whether it resulted from the want of funds in the hands of the drawers belonging to defendant, or because of insolvency or from other causes.    For aught that appears in the evidence, defendant has received from the commission merchants the proceeds of the

sale of plaintiff's wheat into his own hands, or has had the benefit thereof in his transactions with them.

Although the uncontradicted evidence is that the wheat was shipped in defendant's name, sold on his account and the proceeds of the sale placed to his credit with his commission merchants, with his approbation and consent, yet the defendant's instruction told the jury that if he received no compensation for this that there was no consideration for the draft drawn in plaintiff's favor for the amount of the proceeds of the wheat in the hands of his agents. This was an erroneous declaration of the law applicable to the facts of the case. The draft was not accommodation paper in a legal sense, but rested upon a sufficient consideration—the payment of an amount of money in the defendant's hands due the plaintiff. The giving of defendant's third and fourth instructions was error. And, being erroneous, the fact that . they are inconsistent with the plaintiff's fourth instruction, which is unexceptionable, constitutes no ground for disturbing the judgment. It may have tended to aid the defendant in the circuit court, but that is all past, and is of no consequence here. *Blackwell v. Baily*, 1 Mo. App. 328; *Lohse v. Railroad*, 44 Mo. App. 646. The jury having found for plaintiff, and disregarded the defendant's said erroneous instructions, the latter was certainly in no way prejudiced by the giving of them. *Lemon v. Floyd*, 46 Mo. App. 452. And the statute forbids us to reverse a judgment on account of nonprejudicial errors.

In no view of the case that we have been able to take can we escape the conclusion that the judgment is for the right party, and that for that reason it ought to be affirmed, which is so ordered. All concur.