THE CITY OF ST. JOSEPH, Respondent, v. JAMES F. PITT, Appellant.

Kansas City Court of Appeals, November 28, 1904.

1. **APPELLATE PRACTICE: Abstract: Presumption.** Where evidence such as an ordinance is not set out in the abstract, the appellate court cannot pass upon the propriety of its admission in evidence nor review the action of the trial court in holding that such ordinance justified an additional tax levy, but every intendment in favor of the action of the trial court will be indulged.

2. **MUNICIPAL CORPORATIONS: Tax Limit: Indebtedness.** A city to pay existing indebtedness may levy and collect taxes in excess of the rate limited for general purposes.

3. **EVIDENCE: General Objection.** A mere general objection to the introduction of evidence is insufficient to warrant its rejection.

4. **MUNICIPAL CORPORATIONS: Back Taxes: Evidence: Prima Facie Case.** A city suing to recover back taxes makes a prima facie case in introducing the taxbill; and introduction of other evidence is immaterial and no cause for reversal.

5. **JUSTICES' COURTS: Statement: Taxbills.** A statement on a taxbill set out in the opinion is held sufficient.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*James W. Boyd* for appellant.

(1)   Under its charter, section 5508, R. S. 1899, the city is not authorized to levy a general tax in excess of one per cent.   The complaint clearly charges an excessive levy.   There was no attempt to amend it. An excessive levy is absolutely void.   Barnard v. Knox Co., 105 Mo. 382.   (2)   Over the objection of the defendant she was allowed to prove by the oral statement of her collector that the taxes shown by the tax books read in evidence were unpaid.   This testimony was not only incompetent, but wholly fails in any manner, whatever, to show that the delinquent list which the law requires was ever made.   R. S. 1899, secs. 5597, 5602.

*James M. Wilson,* city counselor, and *G. L. Zwick,* assistant city counselor, for respondent.

(1)   The levy was not excessive.   The statute relied upon by appellant does not mean that no more can be levied or collected.   Such a limitation is not applicable to taxes levied in payment of debts created prior to its adoption.  27 Am. and Eng. Ency. of Law, 879; Stanberry v. Jordan, 145 Mo. 381;   (2)   The objection is made that it was not shown that a delinquent list had been made out by the collector, sworn to and certified to the city comptroller, etc., as provided for by section 5602, Revised Statutes 1899, and that until such was made out, etc., no penalties, fees, etc., could be collected, and that no such suit could be maintained for the collection of the tax.   At any rate the taxbill introduced was prima facie evidence of the matters contained therein, and any such failure upon the part of the collector, even if it be a defense, which we do not concede, would be a matter to be pleaded and shown by the defendant.   State ex rel. v. Phillips, 137 Mo. 264.

BROADDUS, J.—This suit was begun before a justice of the peace. The statement contains two counts the first being substantially as follows:

"That there was assessed and levied by the proper officers of said city against the personal property of defendant, valued at $1,000 for the year of 1900 the sum of $15.50 which said tax became delinquent on the first day of September, 1900, and has drawn interest thereon since said date at the rate of 24 per centum per annum, which amounts now to $7.44, making, principal and interest, the sum of $22.94 and ten per cent thereon for costs and penalties, amounting to the sum of $2.29, which is now due and unpaid. Wherefore, plaintiff prays judgment for the total sum of $25.23, together with the costs of this suit."

The second count is for the taxes for the year 1900 on a valuation of $1,500 of his personal property, the amount due in taxes, interest and penalties being $30.69.

The defendant contends that plaintiff was not entitled to recover as the statement shows that the assessment was in excess of the limit allowed by law to the plaintiff city. Under section 5508, Revised Statutes 1899, cities of the second class, the plaintiff being in that class, were authorized to "levy and collect a general tax of not exceeding one per centum for each fiscal year upon all property in the city liable to taxation for state purposes, and not by general law exempt from municipal taxation. But said statute further provides for an additional levy for existing indebtedness. The ordinances of the city were introduced in evidence which plaintiff stated at the trial contained provisions showing that the city had an indebtedness existing at the time of the passage of said statute and prior to the adoption of the Constitution which authorized the levy and collection of one-half per centum in addition to the one per centum authorized by said statute.

If this ordinance contained what plaintiff represented, and as the court received it in evidence we presume the ordinance did contain the provisions just set out, then the levy as shown by the statement of one and one-half per centum was not illegal and void. As defendant has not preserved said ordinances in his record we can not hold that it was error to admit them as evidence, and we are precluded from reviewing the action of the court in holding that they justified the additional levy.

It is well settled that a city may levy and collect taxes in excess of the rate limited for general purposes to pay existing indebtedness. [Stanberry v. Jordan et al., 145 Mo. 371.]

Plaintiff further introduced the certificate or taxbill in evidence to which defendant objected on the ground that it was not such as the law contemplated; which objection the court overruled. It has been too often held that such general objections should be overruled to cite precedents to uphold the action of the court in this instance.

The plaintiff also introduced the city assessor's books and city tax levy to show the defendant's assessment and that the additional levy of one-half of one per centum in excess of the general rate was to pay an existing indebtedness contracted prior to the adoption of the Constitution. The plaintiff also proved by the city treasurer that the defendant had not paid the taxes in suit. To this evidence defendant objected on the ground that it was not the best evidence.

The taxbill introduced made a prima facie case which authorized the plaintiff to recover, and the burden was on defendant to overthrow its statements. [State ex rel. v. Phillips, 137 Mo. l. c. 264.] But he did not even attempt to do so. It was not necessary for plaintiff to prove *aliunde* that defendant had not paid his personal taxes after introducing the taxbill, there-

fore the introduction of such other evidence was immaterial and is not a cause for reversal.

The objection of defendant that the statement does not allege a cause of action seems to be unfounded. No reason is pointed out in what respect it is wanting except that it is a claim for taxes in excess of the general rate of taxation, but as it was sustained by the proof it ought certainly to be held good.

The record before us is not full as it does not show important evidence introduced on the trial. Under such circumstances every intendment is in favor of the correctness of the holding of the trial court.

The cause is affirmed. All concur.