Harrison v. Pounds.

---

## HARRISON, Appellant, v. POUNDS.

### Division Two, July 3, 1905.

1. **APPELLATE PRACTICE: Abstract: Sufficiency of Evidence.** Where, on appeal, the appellate court is asked to pass upon a demurrer to the evidence, or to say whether there was any evidence to establish a fact, the appealing party must bring all the evidence before the appellate court.

2. ———: ———: **Plat: Ejectment.** Where, in an action in ejectment, the case hinges on a question of fact as to where a river ran with reference to certain land, and that question is to be determined by plats of the land, and appellant does not preserve the plats for the inspection of the appellate court, the judgment of the lower court will be affirmed.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

Affirmed.

*Byrns & Bean* for appellant.

*Kleinschmidt & Reppy* for respondent.

(1)    Without the plats this court cannot intelligently decide this case, and will not place the trial court in the wrong unless all the evidence necessary to a complete determination of the cause has been preserved and incorporated by appellant in his abstract. The cause should be dismissed for the further reason that no assignment of error is made in their brief as required by Rule 15 of this court. Brand v. Cannon, 118 Mo. 595; Ely v. Coontz, 16 Mo. 371; Bowlin v. Creel, 63 Mo. App. 229.    (2)    Where an appellate court is asked to review the evidence, and determine its probative force, the whole of it, or so much thereof as presents the question at issue, should be set out in the abstract. Goodson v. Railroad, 23 Mo. App. 76; Nichols v. Nichols, 39 Mo. App. 291; Trimble v. Woolman, 62 Mo. App. 541.

GANTT, J.—This is an action of ejectment originally brought to recover sixteen acres of land in the north part of United States Survey No. 872, in Jefferson county of this State, and was a tract of land between where Big River now runs and where it formerly ran according to the field notes of the United States Government Survey made by Philip Reilly, county surveyor, whose testimony discloses that he never found an original corner. After the evidence had been heard, plaintiff filed an amended petition, to conform, as he states, to the evidence, in which he sues for one acre, a part of United States Survey No. 872 and lying on the north side of said survey and bounded on the north by the old bed of Big River, on the west by a fence, on the east side of a tract owned by plaintiff and occupied by William May. Ouster was laid as of July 2, 1893. The answer was and is a general denial. The cause was tried to the court

without a jury and the finding and judgment was for defendant, to reverse which plaintiff prosecutes this appeal.

The court gave three declarations of law prayed by plaintiff and gave none for defendant. The sole ground of error alleged is that the circuit court erred in not rendering judgment for plaintiff upon the undisputed and uncontradicted evidence. This insistence places the burden on this court of investigating the evidence.

This controversy is between adjoining proprietors. Plaintiff owns land in Survey No. 872 on the south side of the Big River as it originally ran, and defendant's lands lie in Survey No. 3195 on the north side of said river, that is to say, the plaintiff and defendant are opposite riparian owners. The evidence tends to establish that about twelve or thirteen years ago there was a sudden change in the course of the river caused by the falling of large trees in it, and cutting off what the witnesses called Harrison's Island, which is north of the present bed of the river. Various, if not all the material, witnesses appear to have testified with reference to certain plats which were in evidence but which are not set forth in or attached to the abstracts of the record before us. As far as we can glean from the evidence, one of the controlling facts necessary to determine this controversy was the location of the old line of the river. That there was a conflict as to this we think there can be no two opinions. The plats are not before us, and it is the settled rule of law in this court that, where we are asked to pass upon a demurrer to the evidence or as to whether there is any evidence to establish a fact, the appealing party must bring all the evidence before this court; otherwise, we will not disturb the finding of the trial court. The assumption of plaintiff, that because counsel for defendant stated on the trial that defendant did not claim anything south of where the river used to run, and that plaintiff had established that the river formerly ran north of this acre

in dispute, all controversy ended, is not supported by the record.

The case hinged on that question of fact as to where the river ran with reference to this land, and the circuit court found against plaintiff on that point. To justify us in reversing that finding, clearly the plat should be before us to enable us to say, in connection with the other evidence, whether what the witnesses call "May's Island" was any part of "Harrison's Island." Butz testified that he had known the river forty-four years before the trial and prior to plaintiff's deed from Harrison in 1864, and that at that time the river ran south of May's Island and continued to do so up to 1878, and is now running with reference to May's Island just as it was then, and that at that time the river ran north of Harrison's Island, and that the old slough which is now there was the channel of the river at that time. The trouble appears to be that plaintiff insisted on treating the meander line as surveyed by Reilly as the old bed of the river. Plaintiff's deed calls for Big River as the northern boundary of his tract. Reilly was a witness, and in answer to questions by the court said that what he called the meander line was the old river bed and not the line as run through there now, and that the land which he spoke of as south of the old river bed is the land lying south of the line he ran and yet north of the old slough, and the other witnesses made the old slough the old river bed. Mr. G. W. Harrison said the land the defendant has in possession and which plaintiff claims is north of the old river bed. Jas. S. Wilson testified to like effect. In view of this conflict with the claim of plaintiff, it is clear that the circuit court was in a much better position, with the plats before him and the witnesses, to pass upon this question than we possibly can be. It is not our province to settle the weight of conflicting evidence, even if we had all the testimony and evidence before us, and, as already said, this we have not, and we are not to put

the trial court in error on a pure question of fact in the circumstances.

The judgment of the circuit court must be and is affirmed.

All concur.