## KURZ, Respondent, v. KURZ, Appellant.

**St. Louis Court of Appeals, June 5, 1906.**

**HUSBAND AND WIFE:** Support and Maintenance. Where the conduct of the husband was such as to render the condition of his wife intolerable, she could leave his home and maintain an action against him for the support and maintenance of herself and minor children.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Tapley & Fitzgerrell* for appellant.

The court should have sustained appellant's objection to any testimony offered on behalf of the respondent for the reason that the petition did not state facts sufficient to constitute a cause of action for separate maintenance; the petition should state facts which if proven would be sufficient to grant respondent a divorce. There is no allegation of abandonment on the part of the appellant. There is not one fact stated in the petition which if proven would justify the court in granting the respondent a divorce, and consequently not one fact stated in the petition if proven would justify the court in finding and decreeing in favor of respondent and against the appellant. Droege v. Same, 52 Mo. App. 84.

*Pearson & Pearson* for respondent.

If appellant's conduct was such as to render respondent's condition, as his wife, intolerable, or unbearable, at his house, she could leave the house, and abandon a home so rendered unfit for her habitation without for-

feiting her right to support or maintenance by him out of his property. McGrady v. McGrady, 48 Mo. App. 674; Droege v. Droege, 52 Mo. App. 90; Gillinwaters v. Gillinwaters, 28 Mo. 60.

GOODE, J.—These parties are husband and wife and this action is to compel the defendant to furnish support and maintenance for plaintiff and her two minor children. The parties are both Germans by birth, were married in St. Louis in 1875, lived there some ten years and then moved to Ralls county where they have lived twenty years. Plaintiff is fifty-three years old and defendant sixty-six. The separation occurred September 2, 1903, on which day plaintiff left her home in Ralls county and went to live with her married daughter. Defendant has furnished her nothing to live on since. Seven children were born of this marriage, four sons and three daughters, and all but two of the children are of full age. The minors are two girls of ten and twelve years, respectively. The couple have prospered in life, for the evidence shows defendant has a farm of 835 acres in Ralls county, well improved and stocked with cattle and horses and supplied with farming implements, and that he has some fourteen to sixteen thousand dollars of money loaned. He testified that he was worth $7,000 when he married, but his wife testified that he was not worth over $2,000 at that time. It is evident that he has accumulated much property since his marriage and evident, too, that he and his wife have been a hard-working couple. She carried on the usual housework on a farm, sold eggs, butter and chickens to get money for her personal expenses and in every way contributed her portion of the industry required to succeed. The petition alleges that plaintiff left defendant because his treatment rendered her condition intolerable. He is said to have subjected her to indignities, called her vile names, to have been morose and crabbed, never to have exhibited any

affection and by persevering continually in such conduct to have driven her from home. The testimony of witnesses is that defendant was of a morose, taciturn and gloomy nature; but there was some conflict regarding the manner in which he treated his wife. If she and her children are to be believed, this treatment was of a brutal character in every respect, except that he never offered her personal violence. He was extremely crabbed, insulting, called her opprobrious names, was harsh to the children, on one occasion kicked a daughter until she had a violent nervous attack in consequence, and generally demeaned himself in a way that was unbearable. His good qualities were industry and providing well for the family. Plaintiff was afflicted with a cancer on her head. As an instance of the alleged harsh language defendant would use to her, it is proved he said to her regarding her disease, that she was so full of devils that one had bursted in her head and wanted to get out; that she had a devil in her head. The children all sympathized with the mother in her domestic trouble and their testimony strongly corroborated hers in regard to the intolerable harshness of defendant's conduct. Suffice to say that if the testimony for the plaintiff is true, and in our opinion it greatly preponderated over that for the defendant, she was fully justified in leaving home and separating from her husband. She was in extreme misery from the cancer and was entitled to kindness if not affection; but defendant's conduct appears to have been unsympathetic and callous to the last degree. The court awarded plaintiff $50 per month for the support of herself and the minor children during their minority, and $30 per month for her own support after that time; as small an award as could be expected in view of the substance of the parties, which had been accumulated in part by plaintiff's labor.

It is contended on behalf of defendant that he and his wife got along well until he went to Europe in 1900,

leasing out the farm during his absence to the two oldest sons, John and Adolph. It is said that when he returned these sons wished to retain the farm and deprive defendant of his right as owner; to subordinate him in the household and practically drive him from home. It is said further that the mother took the part of the sons and the disagreement between them and the father was the cause of the separation. It is certain that the father fell out with his boys and gave them notice to leave the farm, which they did. But there is little or no testimony, aside from his own, to show this was the cause of his wife's leaving him. It is further said that plaintiff testified herself she left because she wanted to go elsewhere to have her head treated. That she wanted treatment for the cancer is true; but the record by no means yields the conviction that she left the defendant and refused afterwards to live with him for that reason. No question of importance is raised on this appeal except as to the sufficiency of the evidence to justify the judgment of the court. We think the judgment is well supported by testimony and is moderate. Therefore it is affirmed.

All concur.