IVOR DAVIES, Respondent, v. JOHN A. BOYERS, Appellant.

**St. Louis Court of Appeals, June 22, 1909.**

1. **APPELLATE PRACTICE: Abstract: Sufficiency of Evidence.** Where the sufficiency of the evidence to support the verdict is questioned, appellant must print the entire evidence. The opinion of counsel as to what was proved or disproved is not sufficient.

2. ———: ———: ———. Where the appeal is on the short form and the evidence is not fully printed, the only point relied upon by appellant being the question of the sufficiency of the evidence to support the verdict, the judgment will be affirmed.

Appeal from St. Louis City Circuit Court.—*Hon. Dan'l D. Fisher,* Judge.

AFFIRMED.

*Wm. A. Kinnerk,* for appellant, filed brief on merits.

*Robert C. Powell,* for respondent, filed brief on merits.

NORTONI, J.—This is a suit on account for labor performed and materials furnished in papering a residence for the defendant. Plaintiff recovered and the defendant appeals. The appeal is on the short form provided for by our statute (R. S. 1899, sec. 813.) There

is no transcript of the evidence before us whatever. If the testimony was preserved in the bill of exceptions, that document is on file in the office of the trial court, as it should be, when the appeal is prosecuted on the short form, and is not here. We are therefore precluded from ascertaining what it contains, if we were disposed to look into it to discover. Plaintiff has wholly failed to abstract the evidence or print it in full for our perusal. There is but one point raised in appellant's brief, and that is in the following language: "On the uncontroverted evidence in the case, the verdict and judgment should have been given for the defendant Boyers." It appears from this that we are called upon to review the sufficiency of the testimony to support the verdict. As said, that testimony is not before us, and we are therefore unable to review it. From the very meagre statement found in appellant's abstract and brief, it appears to have been conceded that the plaintiff performed the labor and furnished the materials at the price mentioned, and that he did this at the instance and request of defendant. The only question in the case relates to whether or not the matter of account had been adjusted in a settlement between the parties, including a number of other transactions. On this question the evidence was conflicting and there is substantial proof on either side of it. From the very meagre showing in appellant's statement and brief, there is sufficient to support the finding and verdict for the plaintiff. The credibility of the witnesses and the weight and value to be given to their testimony, is a question exclusively within the province of the trial court. This court will not review the action of the trial court in that behalf, and if there appears substantial evidence to support the finding, its judgment will be affirmed.

However all of this may be, it is sufficient to say in this case that the defendant has not printed and produced here the entire testimony, as he should have done if he desires its sufficiency reviewed, for we are certain-

ly not able to give judgment upon the sufficiency of the testimony which we are not permitted to read. The rule is that where the sufficiency of the testimony to support the verdict is called into question, it devolves upon appellant to print the entire evidence in the case, to the end that the reviewing court may see and understand the matter precisely as it was presented to the trial court. It is not sufficient for counsel to give his opinion in the abstract of what the testimony proved or did not prove. When the testimony is not fully printed, as in this case and the only point relied upon is its sufficiency to support the vedict, the judgment should be affirmed for failure to present the matter to the reviewing court in a manner to be reviewed. [Jackson v. Wabash R. R. Co., 85 Mo. App. 443; Wentzville, etc., R. R. Co. v. Walker, 123 Mo. 662.]

The judgment is therefore affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.