# SOUTHERN SURETY COMPPANY, Appellant, v. CHARLES L. YORK, Respondent.*

### Kansas City Court of Appeals.  December 1, 1924.

1. **APPEAL AND ERROR:** Faulty Abstract Cannot be Corrected After Suggestion of Defect by Adverse Party, if Time for Filing is Past. A faulty abstract cannot be corrected by appellant after suggestion of defect by adverse party, if the time for filing is past, and testimony lacking in the original abstract presented by supplemental abstract in correction of same cannot be considered.

2. ————: On Appeal Abstract of Record is Required to Set Forth so Much of Record as is Necessary to a Full Understanding of All Questions Presented. Rule 15 of the Kansas City Court of Appeals does not require abstract on appeal to set forth the evidence in narrative form, but requires that it set forth so much of the record as is necessary to a full understanding of all questions presented to the court for decision.

3. ————: Refusal to Give Declarations of Law Held Proper in Absence of Proof in Record to Support Same. In an action by bonding company to recover premiums on executor's bond, refusal to give declarations of law that company could not be released on its bond until executor filed receipts of distributees and executor was obliged to pay premiums until his discharge, *held* proper, where appellate court was not in position to determine question as contract between parties was not in record.

*Corpus Juris-Cyc. References; Appeal and Error, 4CJ, p. 392, n. 70; p. 394, n. 87; p. 412, n. 42, 45, New; p. 781, n. 19.

Appeal from the Circuit Court of Vernon County.— *Hon. B. G. Thurman*, Judge.

AFFIRMED.

*John P. McCammon* for appellant.

*A. E. Elliott* for respondent.

ARNOLD, J.—This action seeks to recover premiums alleged to be due on an executor's bond.  Defend-

ant was appointed executor of the estate of Caroline York, deceased, in December, 1916, by the probate court of Cedar county, Missouri. He was duly qualified and through a broker applied to the Springfield, Missouri, agency of the Southern Surety Company of Oklahoma to execute his bond as surety, which it did.

In 1918 the Southern Surety Company of Oklahoma effected a reinsurance agreement with the Southern Insurance Company of Iowa which was approved by the Insurance Department of Missouri, and a merger thereby was consummated under the terms of which the latter company took over the assets and liabilities of the former.

Defendant paid the original premium and one annual premium thereafter, after which and on March 11, 1918, the last of the funds of the estate were distributed under order of the court and the proceeds of the estate were exhausted. One R. E. Porta was the local agent of the Surety Company through whom defendant secured the services of the bonding company. Said Porta was also cashier of the bank at Jerico Springs, Cedar county, Missouri, wherein the estate funds were deposited. Porta countersigned all the checks issued in respect to the management of the estate of said Caroline York, deceased. After said estate was exhausted the executor filed his final report and settlement, but filed no receipts for the last two distributive items which were paid by checks which were cashed and returned to Porta, and were not in the hands of defendant at the time of final settlement. These checks were not filed with the probate court until 1922, and on January 28, 1922, said court ordered final discharge of the bond in question. It is the contention of plaintiff that no payment of premiums for the bond was made for a period beginning November 27, 1918, to the date of said order of final discharge. The petition prays judgment for $116.54 covering this period.

Defendant's contention is that the cancelled checks were at all times in the hands of plaintiff's local agent

who knew when the estate was exhausted and that there was thereafter no further liability on the bond. Other defenses pleaded need not be referred to in this opinion. The reply was a general denial.

The petition was filed in the circuit court of Vernon county where the cause was tried to the court without the aid of a jury. Plaintiff asked the following declarations of law:

"The court declares the law to be that under the evidence the plaintiff should recover."

"The surety company could not be released on its bond until the defendant filed the receipts of the distributees and defendant was obligated to pay the annual premiums on the bond until his discharge."

Said declarations of law were refused by the court and judgment was rendered for defendant. A motion for new trial was unavailing and plaintiff appeals.

In his brief defendant attacks the sufficiency of the abstract of the record, charging the record filed by appellant is not full and does not show important evidence introduced at the trial. In support of this contention it is pointed out that an insufficient and garbled abstract setting forth only those things in appellant's favor and omitting all that is in favor of respondent has been filed in this court, and that the application for the bond which was made the basis for the action is only partially set out in the abstract.

Upon a careful examination of the abstract we find the objections to be well founded. Evidently the appellant also considered the objections well taken for after defendant's brief had called attention to the defects, plaintiff, on October 1, 1924 (the day the cause was set for hearing in this court), filed a supplemental abstract of the record, in which was included the testimony lacking in the original abstract.

This procedure, however, may not be permitted. A faulty abstract cannot be corrected by appellant after suggestion of defect by adverse party, if the time for

filing is past. [Hopper v. Fulbright, 160 S. W. (Mo. App.) 840; Scott v. Ry. Co., 154 S. W. (Mo.) 862.] Therefore the testimony lacking in the original abstract is not before us for consideration.

In the case of Pattonsburg Bank v. Koch, 255 S. W. 580, this court held that our Rule 15 does not require the abstract on appeal to set forth the evidence in narrative form, but requires that it set forth so much of the record "as is necessary to a full understanding of all the questions presented to this court for decision," etc. See also Craven v. Milling Co., 228 S. W. 513; City of St. Joseph v. Pitt, 109 Mo. App. 635, 83 S. W. 544; and Harrison v. Pounds, 190 Mo. 349, 88 S. W. 713, wherein the Supreme Court announces the same rule.

Plaintiff, in its motion for new trial and again in its assignment of errors in this court, charges the court erred in refusing to give declarations of law requested by it. The said declarations are set out above and we refer again to the second one which reads: "The surety company could not be released on its bond until the defendant filed the receipts of the distributees and defendant was obliged to pay the annual premiums on the bond until his discharge." It is obvious we are not in position to say, without having the contract before us, that the trial court erred in this respect. Without proof to the contrary we must hold the ruling of the trial court was proper. As this assignment is the basis of the appeal our ruling thereon determines the issues. The judgment is affirmed.

All concur.