MARGUERITE BERTKE v. MAX HOFFMAN, Appellant.—50 S. W. (2d) 107.

Division One, May 27, 1932.

*Greensfelder & Grand* and *Forrest Hemker* for appellant.

*Gillespie & Dempsey* and *Joseph C. Mulroy* for respondent.

ATWOOD, J.—Plaintiff brought an action in the Circuit Court of the City of St. Louis for personal injuries, and went to trial on a second amended petition alleging, in substance, that defendant owned and had the maintenance and control of a building on the northeast corner of Whittier Street and Enright Avenue in the city of St. Louis; that the sidewalks adjacent thereto were open and public, for the use of pedestrians; that on September 24, 1922, a piece of ridge roll fell from the roof of said building, striking plaintiff while she was walking along a sidewalk on which said building abutted, inflicting the injuries set out in her petition; that on January 17, 1922, defendant deeded, through others, this property to his wife, without consideration, for the purpose of concealing his ownership, and that prior to this time, a part of the ridge roll of the roof thereof was in a loose, insecure, and defective condition, and that defendant knew, or by the exercise of ordinary care could have known this; that defendant was negligent in failing to repair and in maintaining said building in said dangerous condition, and that said condition constituted a nuisance.

Defendant's answer was a general denial. Plaintiff obtained a judgment for $10,000, from which defendant appealed.

Appellant's first point is that the trial court erred in refusing to give defendant's demurrer to the evidence. Appellant's abstract of the record purports to give in about sixteen pages, chiefly in narrative form, "all the evidence introduced in the entire case," but it plainly shows that certain exhibits received in evidence have been omitted therefrom and even states that evidence was omitted therefrom because not "pertinent to the points raised on this appeal." It is for the court and not for appellant to determine whether the evidence is pertinent. We adhere to our holding in Harrison v. Pounds, 190 Mo. 349, 351, 88 S. W. 713, that "it is the settled rule of law in this court that, where we are asked to pass upon a demurrer to the evidence or as to whether there is any evidence to establish a fact, the appealing party must bring all the evidence before this court; otherwise, we will not disturb the finding of the trial court." [See also, Davis v. Vories, 141 Mo. 234, 241, 42 S. W. 707; and O'Malley v. Construction Co., 255 Mo. 386, 392, 164 S. W. 565.]

■ Appellant also insists that instruction number 1, given at plaintiff's request, is broader than the pleadings and the evidence and therefore erroneous. This instruction is as follows:

"If you find and believe from the evidence that at all times mentioned in the evidence Enright Avenue was a public street in the city of St. Louis, and that the sidewalk on the east side of Whittier Street and just north of Morgan Street was a public side-walk of said city, and that plaintiff was walking along said side-walk on the 24th day of September, 1922, and was exercising ordinary care for her own safety, and that a piece of the ridge roll of a building on the northeast corner of Whittier Street and En-right Avenue fell from said building and struck plaintiff and in-jured her, and that said piece of ridge roll was on the said 24th day of September, 1922, loose and insecure, and that it had been in such condition for a sufficient length of time prior to said 24th day of September, 1922, for the defendant, by the exercise of ordinary care, to have known of and repaired the same before the 24th day of September, 1922, and if you further find that defendant, by the exercise of ordinary care, could have discovered the condition of said ridge roll, if you find it was in the condition aforesaid, in time, by the exercise of ordinary care, to have repaired the same before plaintiff's injury, if any, but that defendant carelessly and negligently failed to do so, and that thereby plaintiff was injured, and if you further find that on the said 24th day of September, 1922, defendant was the owner of and had the management and control of the said house at the northeast corner of Enright Avenue and Whittier Street, you will find a verdict for plaintiff and against defendant.''

Plaintiff's petition alleged that "the extreme top of the roof of said building ran parallel with Whittier Street, and that a part of the ridge roll thereof, about four feet long, was, on the 24th day of September, 1922, and for a long time prior thereto, in a loose, insecure and defective condition,'' and that when plaintiff "had reached a point in said sidewalk at about the middle of said house abutting on Whittier Street, as aforesaid, through the care-lessness and negligence of the defendant, a piece of said ridge roll, about four feet long, fell from the roof of said house, striking plain-tiff's head and face,'' etc. There was only one piece of ridge roll referred to in the evidence as having been loose and insecure and as having fallen from this building and injured plaintiff, and the instruction must be read as referring to it and none other. As we said in Ruggeri v. Mitchell Clay Manufacturing Company, 15 S. W. (2d) 775, 778, 322 Mo. 737: "The instructions must be read in the

light of the evidence," and when this instruction is so read it is obviously not broader than the pleadings and proof. The case is distinguishable from State ex rel. Central Coal & Coke Company and other cases cited by appellant.

This instruction is also criticised as not requiring "a finding that the negligent failure to repair caused plaintiff's injury," but we do not think that a full and fair reading discloses any such defect. However, the doctrine of aider puts the question at rest, for Instruction 5 given at defendant's request required plaintiff "to prove her case, as explained and defined in the other instructions given" etc.. [Cornovski v. St. Louis Transit Co., 207 Mo. 263, 277, 106 S. W. 51.] In the same vein were defendant's given instructions 6 and 7.

It is finally urged in appellant's behalf that the court erred (a) in excluding evidence that plaintiff was negligent in not selecting a physician of good repute, and (b) in refusing to permit defendant to show on cross-examination that the witness Shore had made false statements in his application for a license to practice medicine.

It is said in 1 Thompson on Negligence, section 202, that it is the duty of one injured through the negligence of another "to use ordinary care, under the circumstances, in employing surgeons, nurses, etc.; but, having done so, the law does not make him an insurer that they will commit no mistake in treating him." Defendant, at the trial, offered to prove that the doctor who treated plaintiff was "not a physician of good repute among the medical profession." There was no evidence, however, that plaintiff failed to use ordinary care, under the circumstances, to procure a reputable, competent physician to treat her injuries, and defendant made no such offer of proof. Furthermore, the law on this subject is treated under the head of contributory negligence (Glasgow v. Railroad, 191 Mo. 347, 370, 89 S. W. 915), and such was not pleaded by defendant. As for the trial court's refusal, on cross-examination of this physician who testified as a witness for plaintiff, to permit defendant, for the purpose of impeachment, to introduce certified copy of the records of the State Board of Health that at the time he presented his application to be licensed as a practising physician and surgeon in the State of Missouri he made an incorrect statement of his age, we do not think it was reversible error. This was not a proper method of impeachment under the circumstances shown by the record. [Jones on Evidence (2 Ed.) sec. 827.] Moreover, the trial court did not abuse the sound discretion it was privileged to exercise in limiting defendant's inquiry regarding this collateral matter. [Wendling v. Bowden, 252 Mo. 647, 695, 161 S. W. 774; Brendel v. Union Electric Light &

Power Co. (Mo. Sup.), 252 S. W. 635, 640; Jones on Evidence (2 Ed.) secs. 831, 832, 834.]

No reversible error appearing in the assignments presented, the judgment is affirmed. All concur.