Fern Hazel Carder, Defendant in Error, v. John F. Carder, Plaintiff in Error.—60 S. W. (2d) 706.

Kansas City Court of Appeals.   May 22, 1933.

*A. E. Elliott* for defendant in error.

*Howell Heck* for plaintiff in error.

BLAND, J.—This is an appeal from the action of the court in sustaining a motion for alimony *pendente lite* in a maintenance proceeding.

The facts, in so far as the record shows, are as follows:

Plaintiff and defendant are residents of Bates county. They were married on June 12, 1921, and resided together as husband and wife until January 30, 1931, when the plaintiff left the defendant. There was born of the marriage one child, a girl, who was ten years of age at the time of the trial.

The suit is based upon indignities. In this regard the petition alleges as follows:

"That defendant has cursed and abused plaintiff, and called her vile, indecent and insulting names; that on or about the 15th day of November, 1930, defendant struck her, and choked her and kicked her, making it necessary and she was treated by a physician on account of the wounds and injury that he inflicted upon her; that again on or about the 28th day of January, 1931, defendant assaulted and struck plaintiff in the face, and she was driven from her home on account of his barbarous and inhuman treatment of her; that on the 17th day of October, 1931, and while both plaintiff and defendant were residents of Bates county, Missouri, defendant filed a divorce proceeding against her in the Circuit Court of Jackson County, Missouri, and by fraud procured and induced a woman, who is unknown to plaintiff, to impersonate and represent herself to be the plaintiff, and caused the sheriff of said county to serve process of summons upon such fictitious person and to make a false and untrue return thereon, and that on account of said fraud being practiced upon plaintiff, the court and sheriff of said county, defendant herein, was cited, tried and convicted of contempt of court and fined fifty dollars and sentenced to ninety days in jail."

It is insisted by the defendant that the court erred in granting temporary alimony in this case for the reason that plaintiff did not make a *prima-facie* showing that she was entitled to the relief asked for in her petition; that there are three things required to be established in order to maintain a suit for maintenance: (1st) Cessation without good cause from cohabitation; (2d) Intention on the de-

serter's part not to resume the same; (3rd) Absence of the complainant's consent to the separation. This is true as to maintenance suits based upon abandonment by the husband and failure to support. [McPheeters v. McPheeters, 207 Mo. App. 634, 639.] However, where the husband has been guilty of such conduct as to render the wife's condition unendurable in his home, she may leave him without forfeiting her right to an action for maintenance against him, such conduct constituting abandonment on the part of the husband, and not the wife. [Girdner v. Girdner, 230 S. W. 382; Elsey v. Elsey, 297 S. W. 978; McGrady v. McGrady, 48 Mo. App. 668; Kurz v. Kurz, 119 Mo. App. 53.]

So far as the record presented here by the defendant shows, there was little effort made at the trial to show that plaintiff *prima facie* had grounds for a maintenance suit, but plaintiff calls our attention to the fact that all of the evidence has not been brought here by the defendant. An examination of the points raised by defendant shows, on their face, that all of the testimony is not brought here, as some points are raised in reference to matters wholly omitted from the record. If defendant desired us to pass upon the question as to whether plaintiff made out a *prima-facie* case he should have brought here all of the testimony. Having failed to do this we cannot consider the point. [Davies v. Boyers, 140 Mo. App. 593; Gooden v. Modern Woodmen of Am., 194 Mo. App. 666; Southern Surety Co. v. York, 218 Mo. App. 629.]

It is insisted that there is no testimony that plaintiff made any demand, prior to the institution of this suit, upon the defendant for any greater amount of support than he had been giving her. Here again, if defendant desired us to consider this point he should have brought here all of the testimony. However, there is sufficient in the record to show that there is no merit in this contention. While the evidence shows that defendant was paying the grocery bills at the time of the institution of the suit, and some of the other bills, it further shows that plaintiff and the child could not live on the contributions he made. Plaintiff testified: "I have been buying my clothes with just what little bit I could make working in homes— working in peoples' kitchens."

The case of Bingham v. Bingham, 29 S. W. (2d) 99, cited by defendant is not in point. In that case the court held, l. c. 101:

"While the court has the power to examine the question of the sufficiency of the maintenance, nevertheless, where the wife has been receiving substantial support from her husband, *more than sufficient to supply her necessary wants,* the question of a timely demand by her for a larger allowance is to be considered in determining the sufficiency of the allowance and the equities of the suit." (Italics ours.)

The court further stated that, under such circumstances, if the wife desired additional support she should have acquainted her husband of her desire before filing the maintenance suit. The court said, l. c. 102:

"Without a complaint or demand on her part for a larger allowance, so as to give defendant an opportunity to increase it, where the allowance and payments for her benefit afford her a substantial living in the style in which she was accustomed to live, we do not think that defendant refused or neglected to maintain and provide for plaintiff."

The facts in that case are not similar to those in the case at bar. Here the support afforded by defendant was not adequate. The facts show that defendant is vice-president of a coal company and receives a salary of $440 per month. There was no justification in his furnishing his wife with such inadequate funds as to require her to work as a servant.

It is claimed that this proceeding could not be prosecuted for the reason that there is a suit for divorce pending in the Circuit Court of Jackson County, Missouri, filed by the defendant herein against the plaintiff herein.

The facts in reference to this matter show that while both of the parties are residents of Bates county, the husband, sometime prior to December 10, 1931, filed a suit for divorce against his wife in the Circuit Court of Jackson County, Missouri, at Kansas City; that the sheriff of Jackson county was caused to serve the writ of summons in the case upon a woman found in said county who was not the wife of the defendant (plaintiff therein); that the plaintiff herein (defendant therein) accidentally learned of the filing of the suit and caused an attorney to go to Kansas City to investigate the matter; that upon finding that service was fraudulent the attorney filed a motion to quash it, which the court sustained and then a plea in abatement was filed to the cause of action, itself, on the ground of nonresidence of the parties, which the court also sustained. The motion and the plea in abatement were sustained on December 7, 1931. However, the court, after disposing of them, reinstated the cause on the docket in order to proceed against the plaintiff therein (defendant herein) for contempt for the alleged procurement of fraudulent service. Plaintiff's attorney, who was her attorney in the divorce proceedings, testified in the present action that, so far as he knew, the suit for divorce, which was filed by the defendant against the plaintiff in Kansas City, was still pending at the time of the trial of the present suit. Of course, this testimony related to a technical pendency of the divorce suit. There was no actual pendency of that suit, as between these parties, but the court reinstated the cause upon the docket because he was of the opinion that the cause should remain pending in order that the contempt proceedings might be prosecuted. There was no pendency of the divorce suit in any real sense at the time this cause was instituted, which occurred on December 9, 1931.

However, defendant is in no position to complain of this matter for the reason that his answer consisted solely of a general denial and he, having failed to file a plea in abatement based upon the ground that the other suit was pending, although were it admitted that such a plea would be proper under the circumstances even if the divorce suit were pending, the matter was not saved. [Nolker v. Nolker, 257 S. W. 798; Walton v. Walton, 6 S. W. (2d) 1025; Weisheyer v. Weisheyer, 14 S. W. (2d) 486.]

It is insisted that the court should not have permitted plaintiff, over the defendant's objection, to testify as to what defendant told her regarding the salary he was receiving, for the reason that what he told her about the matter was privileged. We find, from an examination of the abstract, that plaintiff was asked as to a conversation she had with defendant in reference to the amount of salary her husband received and the court overruled defendant's objection to the question. However, plaintiff testified as to what defendant told her in reference to his salary at the time they were married "up until about two years ago this September;" but as to the salary that he is now receiving, it was afterwards developed that defendant did not tell her anything about this, but that one of the other officers of the coal company, had informed her as to that amount. Of course, what defendant received at any other time except the present had no bearing upon the case and there was no harm done by the overruling of the objection to the question.

There appears in the abstract an oral statement made by the court at the conclusion of the trial to the effect that, in awarding temporary alimony in this case, he was taking into consideration the expenses that plaintiff was put to in contesting the suit for divorce filed by the defendant against her in Kansas City. It is urged by defendant that such expenses could not be allowed in this proceeding. However that may be, the court, in the judgment entered said nothing about the allowance of those expenses, the judgment being merely a general judgment for alimony *pendente lite*. In a proceeding of this kind the appellate court reviews the evidence and comes to its own conclusions, as in equity cases. Even had this been a case reviewable as a case at law such an oral statement by the court could not be considered by us (Meridian Lbr. Co. v. Lowry Lbr. Co., 207 Mo. App. 41, 43; Crowell-Spencer Lbr. Co. v. Hill, 242 S. W. 427; Krieger v. Rozier Inv. Co., 253 S. W. 481), and certainly it is of no importance in a review of a case of this kind. The award was $250 in gross and $50 per month, for the support of both plaintiff and the child and also to cover the attorney's fees in the present suit as well as temporary alimony. Plaintiff is wholly without means of her own. There is no point raised by defendant that the allowance was excessive. It seems modest under the circumstances, wholly disregarding the expenses that plaintiff was put to in defending the divorce suit.

The judgment is affirmed. All concur.