H. J. STALCUP, RESPONDENT AND PLAINTIFF IN ERROR, v. BEN R. BOLT, APPELLANT AND DEFENDANT IN ERROR.—139 S. W. (2d) 544.

Kansas City Court of Appeals. April 4, 1940.

*L. E. Bates* for appellant and defendant in error.

*Moore, Smith, Aughinbaugh & Ault* and *George T. Hinde* for respondent and plaintiff in error.

KEMP, J.—This is a suit on a note executed by defendant and payable to plaintiff, or order, dated October 26, 1936, and in the principal amount of $900. The balance alleged to be due thereon was $690, for which sum, together with interest and attorneys' fees, plaintiff prayed judgment.

Defendant filed the following answer:

"Now comes the above named defendant and for his answer to the above named petition of plaintiff admits an execution of the note sued on and described in said petition but denies plaintiff owns said note and any obligation to pay the said note for the following reasons:

"The said note was given for a new Neon sign to be installed on the Ben Bolt Coffee Shop, North Kansas City, Missouri and serviced for a period of five years from October 26, 1936. Defendant states that he has never received such sign contracted for although he has demanded that such sign be installed and that there is a total and complete failure of consideration for the said note.

"Defendant, further answering, states that plaintiff, instead of installing a new sign, installed an old and rebuilt sign which, defendant has just learned through Neon sign experts, was second-hand and rebuilt, which said sign defendant has tendered back to plaintiff and hereby tenders back to plaintiff.

"Wherefore defendant prays judgment against plaintiff on plaintiff's petition."

This is followed by two counterclaims set up in separate counts. In the first count, defendant alleged that on September 10, 1936, he contracted with the plaintiff to install a new Neon sign on the Ben Bolt Hotel in North Kansas City, Missouri, "the same to be a 'Hotel Ben Bolt' sign and to be of new materials throughout, for the sum of $200; that defendant paid the full purchase price for the said sign." It is further alleged that defendant had just learned through Neon sign experts that the sign installed was an old, rebuilt sign, whereas he had contracted for the purchase of a new sign, and further that the sign installed was not the property of the plaintiff, but was the property of one Tom Gavin of Kansas City, Missouri. Defendant alleged that he had tendered back to plaintiff the sign that was installed and had demanded the return of the purchase price so paid, but that plaintiff had refused to pay same, and judgment for $200 was accordingly prayed.

The second count of the counterclaim alleged that on October 26, 1936, defendant contracted with plaintiff for a new Neon sign to be installed in the Ben Bolt Hotel, which sign was to read "Coffee Shop;" that the sign was to be made of new materials throughout, and was to be in first class condition; that the defendant had paid on the contract price the sum of $210; that plaintiff installed a "Coffee Shop" sign on said building, purporting to be a new sign built of first class materials, but that "he (defendant) has just learned through Neon sign experts that the said sign installed was an old, rebuilt sign of comparatively small value to the one contracted for; that he has tendered the same back to plaintiff and hereby tenders the same to plaintiff," which allegations were followed by a prayer for the $210 paid on the contract price.

Upon a trial of the issues thus raised, the jury returned a verdict in favor of the plaintiff for the balance due on the principal sum and for interest and for ten per cent attorneys' fees, in the aggregate sum of $851. On the first counterclaim concerning the "Ben Bolt Hotel" sign, the jury returned a verdict in favor of the defendant for $200. On defendant's second counterclaim for the amount paid by defendant on the contract price of the "Coffee Shop" sign, the jury found in favor of the plaintiff, whereupon the court rendered judgment in favor of the plaintiff in the sum of $651, representing the excess of the verdict in favor of the plaintiff over the verdict in favor of defendant on his counterclaim. From this judgment defendant has prosecuted an appeal to this court in case No. 19578. Thereafter, plaintiff obtained our writ of error to have reviewed the part of the judgment relating to the counterclaim which was adverse to him. That case is No. 19598. These two matters have been consolidated and will be disposed of in a single opinion.

We shall consider first the matters raised upon defendant's appeal. Defendant first assigns as error the refusal of the court to give his

instruction in the nature of a demurrer to the evidence with respect to the plaintiff's cause of action on the note. We cannot consider this assignment for the reason that the abstract of the record does not contain all of the evidence. Although the record discloses a stipulation between counsel for plaintiff and defendant, to the effect that the "foregoing bill of exceptions is true and correct and contains all the evidence offered and introduced, all the objections of counsel the rulings of the court thereon . . . .," an examination of the record discloses beyond the slightest doubt that parts of the evidence have been omitted from the abstract. For instance, none of plaintiff's testimony in chief appears in the abstract. The first line of plaintiff's evidence, as set out in the abstract of the record, begins with the cross-examination of plaintiff. Following the third question of the cross-examination of plaintiff with reference to the ownership of the note, the court interposed the following suggestion: "I understood him (plaintiff) to say that he was the owner." The court, undoubtedly, was referring to some testimony of the plaintiff with respect to the ownership of the note which he had given prior to the three questions just asked by defendant's counsel on cross-examination. There are other quite as convincing indications from the record that not all of the testimony pertaining to plaintiff's cause of action has been brought before us in the record filed here. Even though the attorneys for the respective parties may have been of the opinion that the portion of the evidence abstracted was all that had any direct bearing upon the questions raised in this appeal, we cannot convict the trial court of error in ruling the demurrer without an opportunity to determine for ourselves, from all of the evidence, whether or not the ruling was correct. [Weintraub v. Life Insurance Co. (Mo. App.), 99 S. W. (2d) 160, l. c. 163; Breck v. Koeneman (Mo. App.), 108 S. W. (2d) 992, l. c. 994; Gillip v. Butts (Mo. App.), 77 S. W. (2d) 1014, l. c. 1016; Bertke v. Hoffman (Mo.), 50 S. W. (2d) 107, l. c. 108; Thomas v. Land (Mo. App.), 30 S. W. (2d) 1035, l. c. 1038, and cases there cited.]

Defendant's only other assignment of error is directed to the giving of plaintiff's instruction 1, which instruction purports to cover the entire case and direct a verdict. No complaint is made that the instruction fails to include all of the essential elements of plaintiff's case. Defendant urges, however, that the instruction is erroneous in that it fails to submit to the jury "the special defense of defendant, supported by evidence, that plaintiff did not furnish defendant a new sign which was the consideration for the giving of the note sued on by plaintiff."

Plaintiff concedes that his instruction 1 does not embrace defendant's theory of defense, but contends that this was an affirmative defense and its omission from said instruction does not constitute error in view of the fact that the court gave defendant's instruction

3, by which defendant's theory of defense was submitted to the jury. In reply to this argument, defendant urges that an instruction which directs a verdict in favor of the plaintiff upon its finding only the facts essential to plaintiff's case is necessarily in conflict with an instruction which directs a verdict in favor of the defendant upon the jury's finding the facts constituting a defense to the action.

If this were a matter of first impression, we would feel compelled to sustain defendant's contention. Plaintiff's instruction directed the jury to find the issues in favor of the plaintiff if it should find: (1) that defendant executed and delivered the note sued on; (2) that the defendant was the legal holder thereof; and (3) that there was an unpaid balance due thereon. On the other hand, the instruction given on behalf of the defendant directed the jury to return a verdict in favor of the defendant in the event it should find that "plaintiff did not comply with his agreement you may find to have been made as a consideration for said note and if you also find that defendant tendered back to plaintiff the said 'Coffee Shop' sign as soon as he discovered said purchase agreement was not complied with, etc."

The jury might consistently find the facts hypothesized in plaintiff's instruction, in which event it was directed to find for the plaintiff, and also find the facts hypothesized in defendant's instruction, in which event it was directed to find for the defendant. Assuming that the jury found the facts hypothesized in both instructions, it would be confronted with conflicting directions as to which of the parties should prevail. The view that such instructions are conflicting was most convincingly expounded in the dissenting opinion of JAMES T. BLAIR, C. J., in the case of State ex rel. Jenkins v. Trimble, 236 S. W. 651, l. c. 654. However, the Supreme Court by the majority opinion in that case gives complete support to plaintiff's contention in the case at bar that the defect of plaintiff's main instruction, in failing to embrace defendant's theory as well as plaintiff's theory, was cured by the giving of an instruction on behalf of the defendant which did submit defendant's theory to the jury. Since the State ex rel. Jenkins decision, the Supreme Court has consistently followed and reannounced the rule therein declared. [Perry v. Missouri-Kansas-Texas R. Co., 104 S. W. (2d) 332, l. c. 340; Jones v. C. B. & Q. R. Co., 125 S. W. (2d) 5, l. c. 16.]

Upon the authority of these decisions, we must rule that, under the circumstances hereinabove recited, the giving of plaintiff's instruction 1 did not constitute reversible error.

In this connection, however, it should be observed that more than eighty years ago the Supreme Court, in the case of Clark v. Hammerle, 27 Mo. 55, l. c. 70, said:

"A party therefore who asks an instruction on the whole case must not frame it so as to exclude from the consideration of the jury the points raised by the evidence of his adversary. If a suit is on a bond

for the payment of money, and the defendant gives evidence tending to show that he has paid it, it would not be proper for the court, at the instance of the plaintiff, to instruct the jury that if they believed that the defendant executed the bond, they will find for the plaintiff. Such instruction would be erroneous, as it would exclude from the jury all consideration of the question of payment.''

The rule, as announced in the first sentence of the foregoing excerpt from the case of Clark v. Hammerle, has been reannounced and applied in a number of very recent decisions of our appellate courts. [Wininger v. Bennett (Mo. App.), 104 S. W. (2d) 413, l. c. 416; Walton v. A. B. C. Fireproof Warehouse Co. (Mo. App.), 124 S. W. (2d) 584, l. c. 590.] In Jones v. St. Louis-S. F. Ry. Co., 50 S. W. (2d) 217, l. c. 220, this court said:

''An instruction purporting to cover the whole case and directing a verdict must require a finding embracing defendant's theory as well as that of plaintiff.''

If this rule, thus broadly stated, is to be harmonized with the decisions of the Supreme Court above referred to, it would seem that it must be qualified by a further declaration limiting its application only to cases wherein no instruction submitting defendant's theory is given.

We now turn to a consideration of plaintiff's assignments of error with respect to defendant's first counterclaim on which there was a judgment in favor of the defendant for $200. Plaintiff first assigns as error the court's refusal to give his instruction ''B,'' which directed a verdict in favor of the plaintiff and against the defendant on defendant's said counterclaim. We cannot consider this assignment for the same reason we could not consider a similar assignment of error made by defendant upon defendant's appeal.

We have heretofore set out the allegations of the counterclaim and they need not be here repeated. The only evidence appearing in plaintiff's abstract of the record is a letter dated April 26, 1938, from Mr. L. E. Bates, attorney for the defendant, addressed to plaintiff, in which it is stated that the defendant has discovered that this sign is a rebuilt sign and not what plaintiff contracted for. This is followed by a tender back of the sign and a demand for the return of the $200 paid for said sign. Not a line of the oral testimony appears in plaintiff's abstract of the record.

Defendant has filed a supplemental abstract wherein is set out the testimony given on direct examination by two witnesses called by the defendant. The record shows that each witness was cross-examined but none of this evidence was included. Giving consideration to all the evidence appearing in the abstract filed by both parties, it is still apparent that not all of the evidence is before us. Under such circumstances, we cannot consider this assignment. See cases hereinabove cited on this point.

Plaintiff contends that the court erred in giving defendant's in-

struction 2, for the reason that "the instruction improperly authorized the jury to find for defendant on undisputed evidence without taking into consideration the question of reasonable time to rescind." It is true that the instruction did not submit to the jury the question of whether or not the defendant tendered back the property within a reasonable time. However, the instruction did require the jury to find that "defendant did not use said sign after discovering said agreement was not complied with" and required the jury to find that "defendant upon said discovery, if found to be made, tendered back to plaintiff said sign, etc."

We think the words "upon discovery" would clearly indicate to the jury that it must find that practically contemporaneously with the discovery that the sign did not conform to that specified in the agreement, defendant tendered it back. It is unnecessary to require the jury to find that the rescission was made within a reasonable time after the discovery where it is required to find the rescission occurred *upon* the discovery of the defect. This would be a reasonable time as a matter of law. In Skeen v. Springfield Engine & Threshing Co., 34 Mo. App. 485, it was held that the question of reasonable time need not be submitted to the jury where the evidence so clearly proves the issue that there is really no question with respect to it. The court says:

"In such cases the question may be treated as one of law and passed upon by the court without the encroachment on the province of the jury."

While plaintiff does not make the point that the instruction is defective on the ground that it should have required the jury to find that the defendant used due diligence in *ascertaining the fact* that this was a used sign, we think the point should not be passed without comment. In view of the evidence brought before us, the instruction should not be declared erroneous on this ground. From a description of the sign set forth in the evidence of the defendant and of an expert who examined it, it would appear that the facts upon which it could be determined that this was a used sign, would not be apparent from a mere inspection of the exterior of the sign. This is not a case wherein the buyer would discover upon installation of the sign the facts relied on for rescission. While, under other circumstances, the giving of this instruction might constitute error, we do not believe it was erroneous under the circumstances in this case.

Having determined that no error materially affecting the judgment rendered herein has been shown by either plaintiff or defendant, it follows that the judgment should be and is hereby affirmed. All concur.